UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR HERNANDEZ,

    Plaintiff,

v.                                                                             Case No:   6:14-cv-182-Orl-22TBS

CANTOR GRANITE DESING, LLC [sic]
and JUAN R. CEVALLOS,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc 21). Upon due consideration, I respectfully recommend that the motion be **denied**.

### Background

On February 4, 2014, Plaintiff, Oscar Hernandez filed this case against his former employers Defendants Cantor Granite Desing, Inc. ("Cantor Granite") and Juan R. Cevallos, for unpaid overtime wages (Count I), unpaid minimum wages (Count II), and unpaid wages (Count III), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  (Doc. 1).   Plaintiff alleges he was an hourly paid non-exempt employee and that Defendants failed to pay him "his actual hourly rate ($16.00), his overtime rate ($24.00), or even the minimum, wage ($7.67-2-12, $7.79 - 2013) during the course of his employment."   (Doc. 1 ¶¶ 25).   Plaintiff alleges that "[o]n or around October 2013, [his] employment with Cantor and Cevallos ended after he resigned for non-payment of his

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

wages." (Id. ¶ 24). The Clerk of Court has entered a default against each defendant, pursuant to FED. R. CIV. P. 55(a). See (Docs. 19 & 20). Plaintiff now seeks entry of a default judgment against both Defendants. (Doc. 21).

## Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). However, a defendant's default alone does not require the court to enter a default judgment. DIRECTV, Inc. v. Trawick, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005). To enter a judgment pursuant to FED. R. CIV. P. 55(b), there must be sufficient basis in the pleadings to support the relief sought. Id. "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law. In short . . . a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages. See Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." See id. at 1544.

    A. Appropriateness of the Clerk's Entry of Default

        1. Defendant Juan Cevallos

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Federal Rule of Civil Procedure 4 deals with the service of process in a federal action. Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state. FED. R. CIV. P. 4(e).

A clerk's default was entered against Defendant Cevallos on May 27, 2014. (Doc. 20). According to the "Return of Service" filed on April 30, 2014, the process server effected service on Defendant Cevallos on April 23, 2014 by serving his wife, Rosa Cevallos. (Doc. 15). Under the guidelines established by Rule 4(e), service on Defendant Cevallos was proper. Upon being served with the summons and complaint, he was required to respond on or before May 14, 2014. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). This Defendant has failed to respond to the complaint and the time to do so has passed, thus the clerk's default was properly entered against Cevallos.

2. Defendant Cantor Granite

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B). A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state

where the district court is located or where service is made[.]"  FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).  Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[3]  See FLA. STAT. § 48.081.  If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031."  Id. at § 48.081(3)(b).  Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older . . ."  FLA. STAT. § 48.031(1)(a).

A clerk's default was entered against Cantor Granite on May 17, 2014.  (Doc. 19).  The "Return of Service" shows that Defendant Cevallos is Cantor Granite's registered

---

[3] FLA. STAT. § 48.091 provides that:

> (1)  Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.
>
> (2)  Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours.  The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

agent. (Doc. 16). The official address listed for registered agent Cevallos is: 4180 Player Circle, Orlando, FL 32808 - a residential address.[4] See (id.). Plaintiff served Cantor Granite by serving the registered agent's wife, Rosa Ceballos, on April 23, 2014. (Tr. 16). Pursuant to the guidelines established in Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on Cantor Granite was proper. Upon being served with the summons and complaint, Cantor Granite was required to respond on or before May 14, 2014. See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]"). Cantor Granite has failed to respond to the complaint and the time to do so has passed. Thus, the clerk's default was properly entered against Cantor Granite.

    B. FLSA Claims

Damages may be awarded only if the record adequately reflects the basis for the award through evidence such as a detailed affidavit. Under the FLSA, an offending employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in additional equal amount as liquidated damages." 29 U.S.C. § 216(b). If "the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate plaintiff's prima facie case, 'the court may award approximate damages based on the employee's evidence.'" Donald v. Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D. Fla. Nov. 7, 2011). The employee may rely on an affidavit to prove damages. Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at *5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other

---

[4] http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/flal-l12000052271-8eb0534c-3b21-4558-a73d-2c2f29e5f93e/CANTOR%20GRANITE%20DESING%2c%20LLC%20/Page1

admissible evidence."). The Court will also consider a plaintiff's answers to the Court's interrogatories to establish reasonable damages. See Bonilla v. Shiner's Car Wash, Case No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014);

Plaintiff generally alleges that he was an hourly paid non-exempt employee of Cantor Granite and that Defendants failed to pay him "his actual hourly rate ($16.00), his overtime rate ($24.00), or even the minimum, wage ($7.67-2-12, $7.79 – 2013) during the course of his employment. (Doc. 1 ¶¶ 25). He alleges that he was engaged in commerce and that he was employed by an enterprise engaged in commerce within the meaning of the FLSA. (Id. ¶¶ 11-13). See King v. Stevenson Beer Distrib. Co., Civil Action No. 4:12-cv-911, 2014 U.S. Dist. LEXIS 41568, at *16 (S.D. Tex. Mar. 27, 2014); Ramirez v. Raptor Tech. Grp., Inc., Case No. 5:12-cv-100-Oc-34TBS, 2012 U.S. Dist. LEXIS 91830, at *6 (M.D. Fla. June 8, 2012) (citing Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (M.D. Fla. Jan. 28, 2008)).

In the affidavit that accompanies his motion for default judgment, Plaintiff alleges that he is owed the total sum of $5,180.92, of which $890 represents unpaid wages. (Doc. 21-1 at 1-2). Plaintiff fails to offer an explanation of how he arrived at this dollar amount. "While proof of damages in FLSA cases may be put forth by affidavit averments alone, the Court is not required to accept such evidence unquestioningly." Vaccaro v. Custom Sounds, Inc., No. 3:08-cv-776-J-32JRK, 2009 WL 4015569, at *2 (M.D. Fla. Nov. 19, 2009) (internal citations omitted). "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]." Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007). Plaintiff's affidavit is insufficient to establish his damages. Therefore, I respectfully recommend that the district court deny Plaintiff's motion.

C.  Taxation of Costs

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled to an award of all taxable costs incurred in litigating the dispute.  See FED. R. CIV. P. 54(d)(1); see also 29 U.S.C. § 216(b).   In consideration of Defendants' default, the Court finds that Plaintiff is the "prevailing party."  See Jean-Louis v. Greenberg, No. 08-81205-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 98487, at *4 (S.D. Fla. Sept. 29, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."). Pursuant to federal statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Plaintiff has submitted an affidavit in which he lists $70.92 in costs.  (Doc. 21-1 at 2).   Because the amount is not itemized, the Court is unable to determine whether the proposed costs are taxable under section 1920.   Accordingly, I respectfully recommend that the district judge find that Plaintiff has failed to establish the amount of his recoverable costs.

D. Attorney's Fees

Plaintiff requests $4,220 in fees for work performed by his attorney and paralegal. (Id. at 1-2).   Plaintiff has not submitted the attorney's schedule of hours, or any other

information required for the Court to perform the lodestar analysis.  See, e.g., Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1299, 1302 (11th Cir. 1988); Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974).   Nor has Plaintiff sought approval of attorney's fee under the procedure approved in Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).   Accordingly, I respectfully recommend that the district court find that Plaintiff has failed to establish the amount of his recoverable attorney's fees.

Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff's Motion for Default Judgment (Doc. 21) be **DENIED**.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 17, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties