UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

OSCAR HERNANDEZ,

      Plaintiff,

v.                                       Case No:   6:14-cv-182-Orl-22TBS

CANTOR GRANITE DESING, LLC and
JUAN R. CEVALLOS,

      Defendants.

_____

## REPORT AND RECOMMENDATION

      Pending before the Court is Plaintiff's Amended Motion for Default Judgment. (Doc 25).   Upon due consideration, I respectfully recommend that the motion be **granted in part and denied in part**.

## Background

      On February 4, 2014, Plaintiff, Oscar Hernandez filed this case against his former employers Defendants Cantor Granite Desing, Inc. ("Cantor Granite") and Juan R. Cevallos, for unpaid overtime wages (Count I), unpaid minimum wages (Count II), and unpaid wages (Count III), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.   (Doc. 1).   Plaintiff alleges he was an hourly paid non-exempt employee and that Defendants failed to pay him "his actual hourly rate ($16.00), his overtime rate ($24.00), or even the minimum, wage ($7.67-2012, $7.79-2013) during the course of his employment."   (Doc. 1 ¶¶ 25).   Plaintiff alleges that "[o]n or around October 2013, [his] employment with Cantor and Cevallos ended after he resigned for non-payment of his wages."   (Id. ¶ 24).   The Clerk of Court has entered a default against each defendant, pursuant to FED. R. CIV. P. 55(a).   See (Docs. 19 & 20).   On June 9, 2014, Plaintiff

sought entry of a default judgment against Defendants.   (Doc. 21).   That motion was deficient and therefore, denied.  <u>See</u> (Docs. 23-24).   Plaintiff has now filed an amended motion for default judgment against both Defendants which was referred to me for report and recommendation.   (Doc. 25).

Discussion

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."   FED. R. CIV. P. 55(a).   However, a defendant's default alone does not require the court to enter a default judgment. <u>DIRECTV, Inc. v. Trawick</u>, 359 F. Supp. 2d 1204, 1206 (M.D. Ala. 2005).   Before judgment is entered pursuant to FED. R. CIV. P. 55(b), there must be a sufficient basis in the pleadings to support the relief sought.   <u>Id.</u>   "The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.   In short ... a default is not treated as an absolute confession of the defendant of his liability and of the plaintiff's right to recover."   <u>Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages.   <u>See</u> <u>Adolph Coors Co. v. Movement Against Racism & the Klan</u>, 777 F.2d 1538, 1543-44 (11th Cir. 1985). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or a demonstration of detailed affidavits establishing the necessary facts." <u>See</u> <u>id.</u> at 1544.

---

[1]  In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

A. Appropriateness of the Clerk's Entry of Default

    1.   Defendant Juan Cevallos

Federal Rule of Civil Procedure 4 deals with the service of process.   Rule 4(e) provides that an individual may be served by giving a copy of the summons and complaint to the individual personally; giving a copy of the summons and complaint to an age-appropriate person who lives at the individual's "dwelling or usual place of abode;" serving a copy on the person's agent "authorized by appointment or by law" to receive process; or by a manner permitted under the laws of the state in which the federal district court is located for an action brought in a court of jurisdiction in that state.   FED. R. CIV. P. 4(e).

According to the "Return of Service," the process server effected service on Defendant Cevallos on April 23, 2014 by serving his wife, Rosa Cevallos.   (Doc. 15). Under the guidelines established by Rule 4(e), service on Defendant Cevallos was proper.   Upon being served with the summons and complaint, he was required to respond on or before May 14, 2014.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A defendant must serve an answer within 21 days after being served with the summons and complaint[.]").   Defendant Cevallos has failed to respond to the complaint and the time to do so has passed, thus the clerk's default was properly entered against Cevallos.

    2.   Defendant Cantor Granite

A plaintiff may serve a corporate defendant by

> [D]elivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1)(B).   A plaintiff may also serve a defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"   FED. R. CIV. P. 4(h)(1)(A), 4(e)(1).   Florida Statutes permit process to be served on a corporation by serving any one of the following persons: (a) the president, vice president or other corporate head; (b) the cashier, treasurer, secretary, or general manager; (c) any corporate director; (d) any officer or business agent residing in Florida; (e) an agent designated by the corporation under FLA. STAT. 48.091.[2]   See FLA. STAT. § 48.081.   If the address provided for the registered agent, officer, or director is a residence or private residence, "service on the corporation may be [made by] serving the registered agent, officer, or director in accordance with s. 48.031."   Id. at § 48.081(3)(b).   Section 48.031, permits a process server to effect service on "any person residing therein who is 15 years of age or older ..." FLA. STAT. § 48.031(1)(a).

The "Return of Service" shows that Defendant Cevallos is Cantor Granite's registered agent.   (Doc. 16).   The official address listed for registered agent Cevallos is:

---

[2] FLA. STAT. § 48.091 provides that:

(1)   Every Florida corporation and every foreign corporation now qualified or hereafter qualifying to transact business in this state shall designate a registered agent and registered office in accordance with chapter 607.

(2)   Every corporation shall keep the registered office open from 10 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, and shall keep one or more registered agents on whom process may be served at the office during these hours.   The corporation shall keep a sign posted in the office in some conspicuous place designating the name of the corporation and the name of its registered agent on whom process may be served.

Under the statute, if plaintiff is unable to serve the registered agent because of the failure to comply with FLA. STAT. § 48.091, "service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." FLA. STAT. § 48.081(3)(a).

4180 Player Circle, Orlando, FL 32808 – a residential address.[3]   See (id.).   Plaintiff

served Cantor Granite by serving Cevallos' wife, Rosa Ceballos, on April 23, 2014.   (Tr.

16).   Pursuant to Rule 4(h) and FLA. STAT. § 48.031(1)(a), service on Cantor Granite was

proper.   Upon being served with the summons and complaint, Cantor Granite was

required to respond on or before May 14, 2014.   See FED. R. CIV. P. 12(a)(1)(A)(i) ("A

defendant must serve an answer within 21 days after being served with the summons and

complaint[.]").   Cantor Granite has failed to respond to the complaint and the time to do

so has passed.   Thus, the clerk's default was properly entered against Cantor Granite.

    B.  FLSA Claims

    Damages may be awarded only if the record adequately reflects the basis for the

award through evidence such as a detailed affidavit.   Under the FLSA, an offending

employer "shall be liable to the employee or employees affected in the amount of their

unpaid minimum wages ... and in additional equal amount as liquidated damages."   29

U.S.C. § 216(b).   If "the employer does not come forward with evidence of the precise

amount of work performed or other evidence to negate plaintiff's prima facie case, 'the

court may award approximate damages based on the employee's evidence.'"   Donald v.

Park & Fly, LLC, No. 3:10-cv-41-J-34MCR, 2011 U.S. Dist. LEXIS 139433, at *9 (M.D.

Fla. Nov. 7, 2011).   The employee may rely on an affidavit to prove damages.   Childress

v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2011 U.S. Dist. LEXIS 136994, at

*5 (M.D. Fla. Nov. 4, 2011) ("A plaintiff may quantify damages by affidavit or other

admissible evidence.").   The Court will also consider a plaintiff's answers to the Court's

---

    [3]  http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail/EntityName/flal-l12000052271-8eb0534c-3b21-4558-a73d-2c2f29e5f93e/CANTOR%20GRANITE%20DESING%2c%20LLC%20/Page1

interrogatories to establish reasonable damages.   See Bonilla v. Shiner's Car Wash, Case No. 6:12-cv-1649, 2014 U.S. Dist. LEXIS 66297, at *2 (M.D. Fla. April 23, 2014). Ultimately, "[P]laintiff's proof must supply the Court with a just and reasonable inference upon which to calculate [damages]."   Roberts v. Lee A. Stephens Sec., Inc., No. 3:05-cv-1196-J-32MCR, 2007 WL 2579599, at *1 (M.D. Fla. May 10, 2007).

Plaintiff alleges that he was an hourly paid non-exempt employee of Cantor Granite and that Defendants failed to pay him "his actual hourly rate ($16.00), his overtime rate ($24.00), or even the minimum, wage ($7.67-2012, $7.79-2013) during the course of his employment.   (Doc. 1 ¶¶ 25).   He avers that he was engaged in commerce and that he was employed by an enterprise engaged in commerce within the meaning of the FLSA.   (Id. ¶¶ 11-13).   See King v. Stevenson Beer Distrib. Co., Civil Action No. 4:12-cv-911, 2014 U.S. Dist. LEXIS 41568, at *16 (S.D. Tex. Mar. 27, 2014); Ramirez v. Raptor Tech. Grp., Inc., Case No. 5:12-cv-100-Oc-34TBS, 2012 U.S. Dist. LEXIS 91830, at *6 (M.D. Fla. June 8, 2012) (citing Hartsfield v. Express Shipping & Towing, Inc., No. 6:07-cv-540-Orl-31KRS, 2008 U.S. Dist. LEXIS 117451, at *5-6 (M.D. Fla. Jan. 28, 2008)).   For purposes of his amended motion for default judgment, Plaintiff claims he is owed $960.00 in unpaid wages for his final week of work.   (Doc. 25 at 2, ¶ 6).   He has submitted his affidavit as evidence of the amount of his unpaid wages.   (Id. at 5-6).   The affidavit is sufficient to establish Plaintiff's damages.

Plaintiff has not requested liquidated damages and I directed him to provide his reason for not doing so.   See (Doc. 26).   Plaintiff replied that he did not seek liquidated damages "because he did not believe that there was sufficient evidence of willfulness to justify an award of liquidated damages."   (Doc. 27).

The award of liquidated damages in an amount equal to the amount of back pay is

mandatory unless the employer can show that its actions were taken in good faith and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 . . . .'")); Romero v. Harmony Ret. Living, Inc., No. 6:12-cv-838-Orl-22KRS, 2013 WL 5230662, at *6 (M.D. Fla. Sept. 16, 2013); E.E.O.C. v. White and Son Enter., 881 F.2d 1006, 1012 (11th Cir. 1989).   The good faith defense "is not available to an employer unless the acts or omissions complained of were 'in conformity with' the regulation, order, ruling, approval, interpretation, administrative practice or enforcement policy upon which he relied."   29 C.F.R. § 790.14.   An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement."   Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees, 706 F. Supp. 2d at 1236.

Liquidated damages may be awarded in default judgment cases.   See Childress v. Bubba's World, LLC, No. 6:09-cv-1955-Orl-28GJK, 2001 WL 5984896 (M.D. Fla. Nov. 4, 2011); Jimenez v. Elite Assoc. & Grp, Inc., No. 6:07-cv-638-Orl-31KRS, 2008 WL 638329, at *8 (M.D. Fla. Mar. 5, 2008); Wallace v. The Kiwi Grp., Inc., 247 F.R.D. 679, 685 (M.D. Fla. 2008).

Now, I respectfully recommend that the district court also award Plaintiff $960.00 in actual damages and an additional $960.00 as liquidated damages.

C.  Taxation of Costs

Under the Federal Rules of Civil Procedure, a prevailing party is generally entitled

to an award of all taxable costs incurred in litigating the dispute.   See Fed. R. Civ. P. 54(d)(1); see also 29 U.S.C. § 216(b).   In consideration of Defendants' default, I find that Plaintiff is the "prevailing party."   See Jean-Louis v. Greenberg, No. 08-81205-Civ-Hurley/Hopkins, 2009 U.S. Dist. LEXIS 98487, at *4 (S.D. Fla. Sept. 29, 2009) ("[T]he entry of a default judgment against Defendants renders Plaintiff the prevailing party."). Pursuant to federal statute,

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.   "Costs for service of process by a private process server may be awarded as akin to 'fees' of the marshal' ..." MBNA Am. (Delaware), N.A. v. Grp. Ins. Concepts, Inc., No. 8:05-cv-2114-T-27EAJ, 2006 WL 5159182, at *3 (M.D. Fla. May 16, 2006).   Plaintiff has asked for $70.00 to reimburse him for fees associated with serving process on Defendants.   (Doc. 25 at 3, ¶ 11).   He has attached receipts to the motion as support.   See (Id. at 14-15).   This cost is recoverable under 28 U.S.C. § 1920. Therefore, I respectfully recommend that the district judge award Plaintiff these costs.

   D. Attorney's Fees

   Plaintiff requests $4,220.00 in fees for work performed by his attorney and paralegal.   (Doc. 25at 3, ¶11).   It is well settled that district courts within the Eleventh Circuit are required to utilize the "lodestar approach" to calculate a reasonable attorney's

fee.   See Gray v. Bostic, 625 F.3d 692 (11th Cir. 2010); see also City of Burlington v. Dague, 505 U.S. 557, 562 (1992).   The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate."   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); see also Jackson v. Grupo Indus. Hotelero, S.A., No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).

### 1.   Reasonable Hours Expended

The first step in determining the lodestar is to assess the reasonable number of hours expended.   Jackson, 2010 WL 750301, at *3-4.   The fee applicant bears the burden of documenting the appropriate number of hours.   See United States ex rel. Burr v. Blue Cross & Blue Shield of Fla., Inc., 882 F. Supp. 166, 170 (M.D. Fla. 1995). Plaintiff seeks 12.2 hours for work performed by attorney Bertha L. Burruezo and 3.4 hours for work performed by paralegal Carmen Iris Nieves.   (Doc. 25 at 3, ¶ 11).   The motion includes the law firm's timekeeper ledgers in support of this claim.   (Id. at 11-13). After reviewing the time entries, I recommend that the district judge find the entire time recorded was reasonably expended by Plaintiff's counsel on the prosecution of this action.

### 2.   Reasonable Hourly Rates

The second step in determining the lodestar is to assess the reasonableness of the attorney's hourly rate.   "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."   Loranger, 10 F.3d at 781; see also Jackson, 2010 WL 750301, at *2-3.   The following twelve factors, originally set forth in Johnson v. Ga.

<u>Highway Express, Inc.</u>, 488 F.2d 714 (5th Cir. 1974),[4] are also considered in calculating

a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the
> questions; (3) [t]he skill requisite to perform the legal services properly; (4)
> [t]he preclusion of other employment by the attorney due to acceptance of
> the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent;
> (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he
> amount involved and the results obtained; (9) [t]he experience, reputation,
> and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he
> nature and length of the professional relationship with the client; and (12)
> [a]wards in similar cases.

<u>Blue Cross & Blue Shield of Fla., Inc.</u>, 882 F. Supp. at 170.   The party seeking attorney's

fees bears the burden of producing "satisfactory evidence that the requested rate is in line

with prevailing market rates."   In most cases, "satisfactory evidence" consists of

something more than the affidavit of the attorney performing the work.   <u>Loranger</u>, 10 F.3d

at 781.   In other cases, district courts have considered the affidavit of the attorney

performing the work as the best evidence of the prevailing market rate.   See <u>Dillard v.
City of Greensboro</u>, 213 F.3d 1347, 1354-55 (11th Cir. 2000) (citing <u>Blum v. Stenson</u>, 465

U.S. 886, 896 (1984)).   **In all cases, a district court "may consider its own knowledge and
experience concerning reasonable and proper fees and may form an independent
judgment either with or without the aid of witnesses as to value."**   <u>Loranger</u>, 10 F.3d at

781 (emphasis added).

Plaintiff claims attorney's fees at the rate of $325.00 per hour and paralegal fees at

the rate of $75.00 per hour.   Ms. Burruezo has submitted her affidavit as evidence of

these rates.   (Doc. 25 at 8-9).   She attests that she "customarily bill[s her] clients at a

rate of $325.00 per hour or more for [her] services, and $75.00 per hour or more for the

---

[4] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

services of [her] paralegal."   (Id. at 8).   The affidavit is devoid of any biographical

information from which the Court may discern Ms. Burruezo's experience or years of

practice.   The Court did visit Ms. Burruezo's website and learned that she has "nearly 13

years of practice" and concentrates her practice on employment law.   See Burruezo &

Burruezo, http://www.burruezolaw.com/#!bertha-l-burruezo/cgem (last visited Aug. 11,

2014).   I find this to be a simple case, and that the Plaintiff's written work product is

below the quality the Court is accustomed to.   Considering the skill required to prosecute

the case, the quality of the work filed with the Court, the lack of any evidence that

acceptance of this case precluded counsel from other employment, the amount involved

and the results obtained, I recommend that the district court find that $275.00 per hour is

an appropriate fee for Ms. Burruezo's services.   I have no disagreement with the

paralegal rate charged.   Accordingly, I respectfully recommend that Plaintiff recover

$3,610.00 in attorney's fees (12.2 hours at $275.00 per hour for attorney Bertha Burruezo

and 3.4 hours at $75.00 per hour for paralegal Carmen Iris Nieves), which will

compensate the attorney and paralegal for their hours of work at reasonable rates.

Conclusion

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that

Plaintiff's Amended Motion for Default Judgment (Doc. 25) be **GRANTED IN PART AND**

**DENIED IN PART**.

Specific written objections to this report and recommendation may be filed in

accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after

service of this report and recommendation.   Failure to file timely objections shall bar the

party from a de novo determination by a district judge and from attacking factual findings

on appeal.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on September 10, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties